**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **JOHNNIE LEE SAVORY, II,**                       )<br>                              **Plaintiff,**       )<br>    v.                                              )<br>                                                     )<br>**KEVIN W. LYONS, in his official capacity**        )<br>**as the State's Attorney for Peoria County,**      )<br>**Illinois; CITY OF PEORIA; and**                   )<br>**GARY POYNTER, in his official**                   )<br>**capacity as Chief of Police of**                  )<br>**City of Peoria,**                                 )<br>                              **Defendants.**      ) | **Case No. 05-2082** |

## REPORT AND RECOMMENDATION

In April 2005, Plaintiff, Johnnie Lee Savory II, filed a Complaint (#1) against Defendants Kevin Lyons, in his official capacity as State's Attorney for Peoria County, Gary Poynter, in his official capacity as Chief of Police of the City of Peoria, and the City of Peoria, for constitutional violations arising from Defendants' alleged refusal to allow DNA testing of evidence underlying Plaintiff's 1981 conviction for murder. In May 2005, Plaintiff filed a First Amended Complaint (#17) adding two parties as defendants: Peoria County and Robert Spears, in his official capacity as Clerk of the Tenth Judicial Circuit Court of Illinois. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In June 2005, Defendants Kevin Lyons, Robert Spears, and Peoria County filed similar motions titled "Motion To Dismiss First Amended Complaint & Alternative Motion For More Definite Statement" (#23, #25, #27). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss First Amended Complaint **(#23, #25, #27)** be **GRANTED** and Defendants' Alternative Motion For More Definite Statement **(#23, #25, 27)** be **DENIED** as **moot**.

### I. Background

The following background is taken from the first amended complaint. In January 1977, James Robinson and Connie Cooper were found dead in their home. (#17, ¶ 12.) Plaintiff was

convicted of their murders in June 1977, but the Illinois Appellate Court reversed his conviction in April 1980 on the grounds that the primary evidence supporting the conviction, that is, his alleged confession, had been involuntarily obtained through lengthy interrogation and *Miranda* violations.  (#17, ¶¶ 13-14.)

After Plaintiff's alleged confession was excluded, the following evidence remained and was admitted at a second trial:  (1) a pair of blue pants allegedly worn by Plaintiff and containing a small bloodstain of the same blood type as victim Connie Cooper, (2) hairs from the bathroom of the crime scene that were "similar" to Plaintiff's hair, (3) a pocketknife found in Plaintiff's home that contained trace amounts of blood of an undetermined type, (4) testimony regarding Plaintiff's allegedly inculpatory statements to three acquaintances, (5) evidence that Plaintiff exercised his Fifth Amendment right to silence during interrogation, and (6) other allegedly contradictory custodial statements.  (#17, ¶¶ 20-21.)  Based on this evidence, Plaintiff was again convicted and sentenced to forty to eighty years in prison.  (#17, ¶ 15.)

Upon appeal of this second conviction, the Illinois Appellate Court held that the trial court had erred by admitting Plaintiff's custodial statements and testimony that he exercised his right to remain silent, but upheld Plaintiff's conviction, finding these errors harmless in light of the other evidence.  (#17, ¶ 16.)  On appeal from a federal district court's denial of Plaintiff's petition for habeas corpus, the Seventh Circuit agreed with the Illinois Appellate Court's finding of constitutional error regarding the admission of custodial statements and evidence of Plaintiff's exercise of his Fifth Amendment rights.  (#17, ¶ 19.)  Furthermore, the Seventh Circuit found that "the record [did] not support" the testimony regarding Plaintiff's alleged inculpatory statements to three acquaintances.  (#17, ¶ 26.)  Nevertheless, the Seventh Circuit ultimately upheld the denial of Plaintiff's petition for habeas corpus based on the remaining "damning" physical evidence.  (#17, ¶ 22.)

Plaintiff asserts that DNA testing of the physical evidence underlying his conviction, as well as the testing of additional material evidence, could exonerate him of the crime.  (#17, ¶¶ 27-36.)  In 1997, Plaintiff filed a motion in state court seeking DNA testing of evidence from his

case, pursuant to 725 ILCS 5/116-3, but the motion was denied based on the court's finding that testing would not produce "new, non-cumulative evidence materially relevant to defendant's assertion of actual innocence." *People v. Savory*, No. 77 CF 565, July 7, 1998, Order (unpublished). The Illinois Appellate Court and the Illinois Supreme Court upheld the denial of Plaintiff's motion. *People v. Savory*, 722 N.E.2d 220 (Ill. App. Ct. 1999); *People v. Savory*, 197 Ill. 2d 203 (Ill. 2001). Plaintiff's subsequent efforts to compel DNA testing have been unsuccessful. (#17, ¶ 39.) In November 2003, Plaintiff filed a petition for executive clemency; that petition is currently pending before the Illinois Prisoner Review Board. (#17, ¶ 49.)

In the case before this Court, Plaintiff alleges that Defendants violated his civil rights by failing to allow Plaintiff access to the physical evidence from his case in order to subject it to DNA testing. (#17, ¶ 41.) Plaintiff's suit is apparently based on Defendants' failure to release physical evidence from Plaintiff's case for possible additional testing. (#17, ¶ 7.)

Plaintiff's amended complaint, filed pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983"), is largely identical to the original complaint and contains seven counts. Count I alleges Defendants denied Plaintiff his substantive due process rights in violation of the Fourteenth Amendment; Count II alleges a denial of procedural due process in violation of the Fourteenth Amendment; Count III alleges Defendants denied Plaintiff his right of meaningful access to the courts in violation of the Petition Clause of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment; Count IV alleges a denial of Plaintiff's opportunity to show actual innocence in violation of the Fourteenth Amendment; Count V alleges a denial of access to executive clemency; Count VI alleges Defendants denied Plaintiff his rights to confrontation and compulsory process in violation of the Sixth Amendment; and Count VII alleges cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff asks the Court to order "Defendants to release the physical evidence collected in connection with the crimes of which Mr. Savory was convicted and transfer such evidence to a qualified laboratory for DNA analysis" (#17, p. 14), but he does not challenge the fact or length of his incarceration.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6) because, among other things, the statute of limitations bars Plaintiff's claims.  Plaintiff contends that his claims are not time-barred for the following reasons:  (1) Defendants' refusal to provide Plaintiff access to the evidence he seeks to test is a continuing violation; (2) Plaintiff's claims are timely because they did not accrue until January 27, 2004; and (3) even if the Court finds that Plaintiff's claims accrued earlier, the Court should apply the doctrine of equitable tolling to make this action timely.

### A.  The Statute of Limitations for Section 1983 Actions in Illinois

Defendants contend that the two-year statute of limitations for Section 1983 claims governs all of Plaintiff's claims in this case.  *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (holding that Section 1983 cases arising in Illinois are governed by a two-year statute of limitations).  Plaintiff does not dispute this.

### B.  Accrual of Plaintiff's Claim

Plaintiff and Defendants disagree as to when Plaintiff's claims accrued.  Defendants argue that Plaintiff's claim accrued either after his conviction in 1981 or when he filed a motion in state court in 1997 seeking DNA testing of his clothing and fingernail scrapings.  According to the time line espoused by Defendants, Plaintiff's claims must be time-barred because at least

seven years have passed since Plaintiff knew or should have known that Defendants had violated his rights. Plaintiff contends that his claim is either a continuing violation or his claim did not accrue until January 2004 when the Illinois Supreme Court denied him leave to file a petition for a writ of mandamus seeking final review of the DNA-testing decision. Plaintiff contends that this date, the date that his state-based actions for DNA testing ended, was the earliest time at which he could have realized that his rights had been violated.

While state law governs the statute of limitations period for Section 1983 claims, federal law governs the accrual of a claim. *Id.* A Section 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman,* 367 F.2d at 696 (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). In a Section 1983 action, the Seventh Circuit applies the following two-step inquiry to determine when a claim has accrued; a court should first identify the plaintiff's injury, and then determine the date on which the plaintiff could have sued for that injury, which coincides with the date the plaintiff "knows or should know" that his rights were violated. *Hileman,* 367 F.2d at 696; *Kelly*, 4 F.3d at 511.

Here, Plaintiff alleges he was injured as a result of Defendants' denying him access to, as well as control and testing of evidence. (#17, ¶ 7.) To determine when Plaintiff knew or should have known that Defendants had violated his rights and when he could have brought suit in federal court, the Court must next consider whether this injury constituted a continuing violation or whether it accrued at a specific point in time.

*(1) Plaintiff's Continuing Violation Argument*

While the statute of limitations generally begins to run from the date of an injury, the continuing violation doctrine may provide an exception to the statute of limitations when it "would be unreasonable to expect the plaintiff to perceive offensive conduct or when the earlier violation may be recognizable as actionable only in light of later events." *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 595 (7th Cir. 2001) (citing *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999) (quotations omitted)). The doctrine may also apply in

situations where each day or week brings a fresh wrong, such as in a Title VII wage discrimination claim. *See Bazemore v. Friday*, 478 U.S. 385 (1986).

Nevertheless, the continuing violation doctrine is limited: "The exception as to continuing, ongoing acts does not apply where the alleged tortious acts . . . caused direct damages that occurred at a certain point in time – resulting in immediate and direct injury . . . with consequential effects." *Wilson v. Giesen*, 95 F.2d 738, 743 (7th Cir. 1991) (quoting S. Speiser, C. Krause & A. Gans, The American Law of Torts, § 5:27 at 890 (1983)). The Seventh Circuit has held that the doctrine "is not suited to cases . . . where the harm is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Wilson*, 95 F.2d at 743.

In *Pitts v. City of Kankakee,* the Seventh Circuit distinguished between a continuing violation in a wage discrimination claim and a claim against the city for taking land and posting "SLUM PROPERTY" signs. *Pitts*, 267 F.3d at 596. The court rejected the plaintiffs' argument that the alleged defamation caused by the offending signs and the city's deliberate refusal to take down the signs constituted a continuing violation. *Id.* at 596-97. The court concluded that the plaintiffs knew or should have known about their injury at a particular point in time when they discovered the signs had been posted, and the claims were based on the continuing effects of an particular past act. *Id*.

In this case, Plaintiff alleges claims based on a discrete act, namely Defendants' denial of access to, control and testing of the evidence. Unlike a wage discrimination claim, where each day or week brings fresh wrongs, here, Plaintiff alleges a discrete event at a specific point in time that caused damages and resulted in immediate, direct injury. In the language of the Seventh Circuit, the alleged harm to Plaintiff was "definite and discoverable," and Plaintiff was able to seek relief in federal court at the time Defendants first refused to submit the evidence for testing. *Wilson*, 95 F.2d at 743. Thus, the continuing violation doctrine does not apply and the Court will now determine when Plaintiff's claims accrued.

*(2) Accrual of Plaintiff's Claim*

To determine the point at which Plaintiff's claims accrued, the Court must determine when Plaintiff knew, or should have known, that his rights were violated. *Hileman*, 367 F.3d at 697. This determination "is a fact-intensive inquiry, in which both the surrounding circumstances and the claims plaintiff [himself] is trying to raise are critical." *Id.* Relying on language from United States Supreme Court opinions, the Seventh Circuit has determined that the moment of the injury is "the operative decision by the state actor," and "the proper focus is the time of the discriminatory act, not the point at which the consequences of the act became painful." *Id.* at 698 (quotations omitted) (citing *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981), and *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)).

In *Delaware State College v. Ricks,* the United States Supreme Court rejected arguments that the plaintiff's pursuit of grievance procedures postponed the accrual of his employment discrimination claim or tolled the statute of limitations. *Ricks*, 449 U.S. at 261. The Court subsequently applied its holding in *Ricks* to a case involving Section 1983 claims after concluding that the concepts in the two cases were "indistinguishable." *Chardon*, 454 U.S. at 8. Consistent with *Ricks*, the Seventh Circuit has stated that "[t]he availability of a state appeals process has no different effect on the accrual date than the availability of the grievance procedures in *Ricks*." *Kelly,* 4 F.3d at 512. The Seventh Circuit held that judicial review of the state court's decision did not postpone the accrual of a Section 1983 claim and concluded that the statute of limitations barred the claim because the plaintiffs "took too long to avail themselves of the federal process . . . ." *Id.* at 513.

In his amended complaint, Plaintiff alleges that he sought DNA testing in January 1998 and March 1998 pursuant to Section 116-3 of the Code of Criminal Procedure of 1963. (#17, ¶ 37.) In an order dated July 7, 1998, the circuit court denied Plaintiff's motion. *People v. Savory*, No. 77CF 565, July 7, 1998, Order. Thus, Plaintiff knew or should have known that Defendants had violated his constitutional rights when his requests were denied in 1998. Although Plaintiff diligently pursued his claim through the appeals process in state and federal courts, these efforts do not postpone the accrual of his Section 1983 claim. *See Ricks,* 449 U.S. at 261; *Kelly*, 4 F.3d

at 513. Based on the 1998 accrual of Plaintiff's claim, the Court concludes that the two-year statute of limitations on Plaintiff's claims in this case has long since expired and Plaintiff's claims are time-barred unless the doctrine of equitable tolling applies.

### (3) The Doctrine of Equitable Tolling

Finally, Plaintiff argues that, if this Court determines that the statute of limitations has run, the Court should equitably intervene and toll the statute because of the extraordinary circumstances of this case. Plaintiff contends that he exercised due diligence by pursuing his claim and sought testing through his state court suits and requests for executive clemency at the earliest possible point in time.

Ordinarily, plaintiffs must bear the consequences of their procedural lapses, even if the result is the denial of relief which may be otherwise well-deserved. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996). Accordingly, courts will not hear claims that are filed after the statute of limitations expires because those claims are time-barred. *Pitts,* 267 F.3d at 597. However, in certain extraordinary circumstances, federal courts have equitably tolled the statute of limitations in order to avoid substantial injustice. *Donald,* 95 F.3d at 554. The doctrine of equitable tolling allows a plaintiff to avoid the effect of the statute of limitations "if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (citing *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946)). In short, "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey,* 997 F.2d 355, 357 (7th Cir. 1993) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992)). According to the Seventh Circuit, "the doctrine of equitable tolling does not require any wrongful action on behalf of the defendant to prevent the plaintiff from bringing his claim," but courts may apply the doctrine in cases "where the plaintiff knows he has been injured but is unable to obtain evidence necessary to determine who may be liable for his injury." *White v. Cooper*, 55 F. Supp. 2d 848, 855 (N.D. Ill. 1999) (citing *Cada*, 920 F.2d at 451; *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995)).

In *Donald v. Cook County Sheriff's Department*, a *pro se* prisoner plaintiff sought to bring a Section 1983 action against certain individual jailers. *Donald,* 95 F.3d at 551. In his first complaint, the plaintiff only named the Sheriff's Department and failed to name individual jailers. *Id.* Later, after the defendant filed a motion to dismiss, the plaintiff realized his mistake and sought to amend his complaint to name individual jailers, but the district court denied his motion because the amendment adding new defendants would have been untimely and would not have related back under FED. R. CIV. P. 15(c)(3). *See id.* at 559. The Seventh Circuit reversed and held that, while the statute of limitations had expired on the plaintiff's claim, the *pro se* plaintiff was not barred from bringing his case based on the district court's procedural and substantive errors, the status of the incarcerated, *pro se* plaintiff and his lack of legal expertise, the *pro se* plaintiff's diligence in pursuing his case, and the plaintiff's mistake in the original pleading. *Id.* at 554.

The Seventh Circuit subsequently explained that the amendment was appropriate in *Donald* "only because [the plaintiff] satisfied the mistake requirement of relation back under Rule 15(c)." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 915 (7th Cir. 2000). In another case, the Court declined to toll the statute of limitations where the plaintiff was represented by counsel and failed to meet the mistake requirement. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). Courts have also applied the doctrine of equitable tolling in extraordinary circumstances and suspended the statute of limitations "for such time as was reasonably necessary to conduct the necessary inquiry" while considering plaintiffs' motions to proceed *in forma pauperis* because these motions affect the plaintiffs' filings. *White,* 55 F. Supp. 2d at 855-57; *see also Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 165 (7th Cir. 1995).

Here, extraordinary circumstances do not justify applying the doctrine of equitable tolling of the statute of limitations. Unlike the plaintiff in *Donald*, Plaintiff is well-represented by counsel and did not satisfy the mistake requirements of Rule 15(c) in his original pleading. Since 1998, Plaintiff has opted to pursue his claims in state court. The Court recognizes that Plaintiff has diligently pursued his claims, but this does not constitute a reason to toll the statute

of limitations. *See Ricks*, 449 U.S. at 261; *Kelly*, 4 F.3d at 513. Accordingly, the Court concludes that Plaintiff's claims are barred by the two-year statute of limitations and recommends granting Defendants' motions to dismiss.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss First Amended Complaint **(#23, 25, 27**) be **GRANTED** and Defendants' Alternative Motion For More Definite Statement **(#23, 25, 27)** be **DENIED** as **moot**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after service of a copy of this recommendation. *See* U.S.C. 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 25th day of August, 2005.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE